## SITTEL v. WRIGHT et al.

### (Circuit Court of Appeals, Eighth Circuit.   March 24, 1903.)

#### No. 1,683.

1. LANDLORD AND TENANT—ACTION TO RECOVER POSSESSION—DEFENSES.

  That a lease of property in the Indian Territory was in violation of law will not prevent a recovery of possession by the landlord after the term of the lease has expired.

2. SAME.

  That the agent of a corporation acted without authority in taking a lease of property constitutes no defense to an action by the landlord to recover possession after the lease has expired.

3. SAME—DENIAL OF LANDLORD'S TITLE—CLAIM OF ADVERSE POSSESSION.

  The estoppel of a tenant to deny his landlord's title continues after the lease has expired, until he has redelivered possession to the landlord. A notice to quit does not terminate the relation of landlord and tenant, although it may change the character of the tenancy; and, so long as the tenant continues to occupy the premises, his possession is that of the landlord, and he cannot set up title by adverse possession.

In Error to the United States Court of Appeals in the Indian Territory.

This action was brought by Edward D. Sittel, the plaintiff in error, against Allen Wright and others, the defendants in error, to recover the possession of a lot, and the improvements thereon, in the town of South McAlester, in the Indian Territory. The first paragraph of the complaint sets out the conveyances by which the plaintiff acquired his right to the property. The second alleges, in substance, that in 1889 the plaintiff entered into a contract with the Choctaw Coal & Railway Company, under and by virtue of which the plaintiff delivered to the corporation named the possession of the property in controversy, and the corporation, on its part, agreed to build cottages on the leased property, and was to have the use and occupation of the same until the rents thereof should be sufficient to repay the corporation the cost of building the cottages, when it was to deliver the possession of the same to the plaintiff, and avers the sums received by the corporation and its grantees or assignees as rent for the cottages built on the land under the contract are largely in excess of the cost of the cottages, and that the plaintiff is entitled to the possession of the property. The third paragraph alleges the plaintiff is the owner and entitled to the possession of the property. The answer of the defendants, among other things, alleges the contract between the plaintiff and the Choctaw Coal & Railway Company set up in the second paragraph of the complaint "was an agreement made in violation of the law with an agent of the Choctaw Coal & Railway Company, acting without the knowledge of said company, and expending its money for a purpose which said company had not authorized, and which the law prohibited; that said agreement between said Chaddick and plaintiff and Fritz Sittel, being in violation of law, as aforesaid, was illegal and void, and conferred no rights upon plaintiff in and to the premises in controversy; and defendants say that the equity of the Choctaw Coal & Railway Company in said property acquired by the defendant Allen Wright, as aforesaid, existed and had protection by reason of the fact that said company's money was expended in said improvements"—and also pleads the statute of frauds and the statute of limitations. The trial court sustained a demurrer to the second cause of action set out in the complaint, and, at the trial of the cause, instructed a verdict for the defendants upon the ground that the plaintiff's cause of action was barred by the statute of limitations. The plaintiff appealed to the United States Court of Appeals for the Indian Territory, and that court, considering no other question, held the instruction of the lower court to the jury to the

¶ 3. See Landlord and Tenant, vol. 32, Cent. Dig. §§ 161, 203.

effect that the plaintiff's cause of action was barred by the statute of limitations was right, and affirmed the judgment, and thereupon the plaintiff sued out this writ of error.

Samuel A. Wilkinson, for plaintiff in error.

C. B. Stuart and John H. Gordon, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The trial court erred in sustaining the demurrer to the second paragraph of the plaintiff's complaint. That paragraph, in legal effect, sets up that the Choctaw Coal & Railway Company obtained possession of the property under a lease from the plaintiff, and that the right of possession of the company and its grantees or assignees under the lease has expired, and the plaintiff is entitled to the possession of the leased premises. This paragraph stated a good cause of action. To hold otherwise would be to say that a landlord could not recover possession of the leased premises from his tenant or assignees after the expiration of the lease. It does not lie in the mouth of the defendants to say that the plaintiff could not make a valid lease of lands in the Indian Territory. It will be time enough to consider that question when it is raised by the proper authorities of the Indian Territory. After having obtained the possession of the property under a lease from the plaintiff, neither the Choctaw Coal & Railway Company, nor its assignees or grantees, will be heard to say that the lease is in violation of the laws of the Indian Territory, and that they are therefore entitled to keep the property, the possession of which they obtained from the plaintiff. Such a contention is opposed to a familiar and fundamental principle of the law of landlord and tenant. A tenant will not be permitted to deny the title of his landlord, though the lease is void or the lessor had no title. 2 Wood on Limitations, 664–667, and notes; 2 Taylor on Landlord & Tenant, § 705, and notes; Rector v. Gibbon, 111 U. S. 276, 4 Sup. Ct. 605, 28 L. Ed. 427.

The third paragraph of the defendants' answer, in addition to the allegation that the lease was in violation of the laws of the Indian Territory, alleges the lease was made by an agent of the Choctaw Coal & Railway Company without its authority, and from that fact deduces the extraordinary conclusion that the corporation, or its assignees or lessees, have acquired good right to keep the plaintiff's property. Such a defense does not merit serious consideration.

The lower court clearly erred in directing judgment for the defendants on the plea of the statute of limitations for two reasons: In the first place, there is abundant evidence in the record from which a jury might well find that there was a constant recognition of the tenancy by the defendants, which would, in any state of case, prevent the running of the statute of limitations.

And in the second place, the notice to quit, dated February 23, 1892, did not have the legal effect attributed to it by the defendants in error.

It is contended the notice terminated the tenancy, and that the statute of limitations began to run from its date. This contention is not tenable. Assuming the notice to quite terminated the original tenancy, it did not make the tenant's possession adverse to the landlord in the sense that it would enable the tenant to deny the landlord's title, or start the statute of limitations to running in favor of the tenant and against the landlord. The tenant was none the less a tenant after the notice to quit than he was before. Before notice was given, he was a tenant under the lease. After the notice was given —if it was effective to terminate the tenancy—he became a tenant at will or on sufferance, or a periodical tenant, as the case may be. Taylor on Landlord & Tenant, § 487.

A tenant cannot set up a title acquired by adverse possession while he was occupying the premises either as tenant or licensee. He must first disclaim the title of his landlord, and surrender the possession, before he will be heard to assert a right acquired by adverse possession. 2 Wood on Limitations, § 265, and notes. Until that is done, in contemplation of law, the landlord is in possession of the premises through his tenant. In other words, the possession of the tenant is the possession of the landlord, and the landlord's own possession cannot be pleaded against him.

It is now the settled doctrine in this country that the estoppel continues after the expiration of the term, and until the lessee or his assignees or grantees redelivers the possession to the landlord. 18 American & English Encyclopædia of Law (2d Ed.) 421.

The judgment of the United States Court of Appeals in the Indian Territory and the judgment of the United States court for the Central District of the Indian Territory are each reversed, and this cause is remanded to the last-named court, with instructions to grant a new trial.